IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

JIMMY CORREA
Defendant

CRIMINAL 05-151 CCC

## ORDER

Before the Court is an Urgent Motion Requesting Miscellaneous Relief Re: Request That Defendant Be Sentenced in Absentia filed by defendant Jimmy Correa-Martínez on June 22, 2007 (docket entry 53). Defendant requests to be allowed to waive his right to be present at his re-sentencing hearing currently scheduled for August 9, 2007, mainly because of his concern that if he is brought to Puerto Rico he will lose his spot in the residential drug abuse program being offered in the institution where he is presently incarcerated, Talladega FCI.

Fed.R.Crim.P. 43 provides:

Rule 43. Defendant's Presence

(a) When Required. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:

(1) the initial appearance, the initial arraignment, and the plea;

(2) every trial stage, including jury impanelment and the return of the verdict; and

(3) sentencing.

(b) When Not Required. A defendant need not be present under any of the following circumstances:

(1) Organizational Defendant. The defendant is an organization represented by counsel who is present.

(2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.

> (3) Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law.
>
> (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).
>
> (c) Waiving Continued Presence.
>
> (1) In General. A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
>
> (A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
>
> (B) in a noncapital case, when the defendant is voluntarily absent during sentencing; or
>
> (C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.
>
> (2) Waiver's Effect. If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

(Emphasis ours.)

United States v. Lawrence, 248 F.3d 300, 304 (4th Cir. 2001), reiterates the well established principle that voluntariness requires knowing and understanding the waiver. The Court must make a determination, based upon an examination of defendant, regarding the understanding that he has of his right to be present at sentencing and the consequences of such waiver.

While Rule 43(b)(2) allows a defendant to be absent at sentencing for a misdemeanor offense merely with the defendant's written consent, the section of the Rule applicable to defendant, Rule 43(c)(1)(B), does not contain this language. As observed in United States v. Jones, 410 F.Supp.2d 1026, 1031 (D. New Mexico 2005):

> If the drafters of rule 43 intended for a defendant to be able to waive presence under rule 43(c)(1)(B), by written consent, then the drafters could have easily included in that section the same language that is found in rule 43(b)(2). Thus, it is doubtful that a defendant can waive presence at sentencing under rule 43()(1)(B) solely by written consent and "voluntarily absent" must require something more.

Accordingly, defendant's Urgent Motion Requesting Miscellaneous Relief Re: Request That Defendant Be Sentenced in Absentia (docket entry 53) will be held in abeyance until the Court conducts an inquiry regarding the voluntariness of his absence during the resentencing hearing. The Court shall, therefore, hold a hearing strictly for that purpose on AUGUST 2, 2007 at 4:30 P.M.

SO ORDERED.

At San Juan, Puerto Rico, on June 26, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge